IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

PACIFICORP,                                    )
                                               )
            Plaintiff,                         )  **TC 5411**
       v.                                      )  **ORDER DENYING PLAINTIFF'S**
                                               )  **MOTION FOR PARTIAL SUMMARY**
DEPARTMENT OF REVENUE,                         )  **JUDGMENT AND GRANTING**
State of Oregon,                               )  **DEFENDANT'S CROSS-MOTION FOR**
                                               )  **PARTIAL SUMMARY JUDGMENT**
            Defendant.                         )  **(CONSTITUTIONAL ISSUES)**

After trial in this case, the court ruled on Plaintiff's first claim for relief regarding the value of its centrally assessed property. *PacifiCorp v. Dept. of Rev.*, __ OTR __ (Jul 17, 2023). The matter now before the court is Plaintiff's second and final claim for relief, regarding the constitutionality of Defendant's taxation of Plaintiff's intangible property. The parties presented this matter on cross-motions for partial summary judgment in proceedings held concurrently with proceedings in *Delta Air Lines, Inc. v. Dept. of Rev.*, No. TC 5409, which involved a similar issue.[1]

The court issued a decision this day in *Delta*. (*Delta*, ___ OTR ___ (Aug 23, 2023) (Order on Cross-Motions for Partial Summary Judgment).) The court hereby incorporates the *Delta* decision in this order. The *Delta* decision includes a more detailed explanation of the procedural background in this case, as well as the court's substantive reasoning. (*See id.*, slip op

---

[1] The arguments made by the parties in this case are found in the record of oral argument held January 18, 2022, in *Delta*, and in the following briefs filed in this case: (1) Plaintiff's motion for partial summary judgment, styled as PacifiCorp's Response to the Court's Request for Additional Briefing re Constitutionality of Taxing only Intangible Property that Is Centrally Assessed (Mar 2, 2022); (2) Defendant's cross-motion for partial summary judgment, styled as Defendant's Response to PacifiCorp's Response to the Court's January 19, 2022, Request for Additional Briefing (Intangible Property) (Apr 6, 2022); (3) Plaintiff's response and reply, styled as PacifiCorp's Reply Brief Regarding the Constitutionality of Taxing Only Intangible Property that Is Centrally Assessed (May 4, 2022); (4) Defendant's response and reply, styled as Defendant's Surreply to PacifiCorp's Reply to Court's January 19, 2022, Request for Additional Briefing (Intangible Property) (May 18, 2022).

at 2-3, 44-48.) In consideration of the foregoing, the court will deny Plaintiff's motion for partial summary judgment and grant Defendant's motion for partial summary judgment. This order is dispositive of the case. Now, therefore,

IT IS ORDERED that Plaintiff's motion for partial summary judgment is denied.

IT IS FURTHER ORDERED that Defendant's motion for partial summary judgment is granted.

Dated this 23rd day of August, 2023.

8/23/2023 10:07:44 AM

Judge Robert T. Manicke